UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-14286-CIV-MOORE/LYNCH

KEVIN MASTALSZ,

    Plaintiff,

vs.

GEORGIA-PACIFIC CORPORATION,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (DE # 17).

UPON CONSIDERATION of the Motion, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    Background**

This is an intentional tort action initiated by Plaintiff Kevin Mastalsz ("Plaintiff") alleging that he was injured by a motorized roller while working for Defendant Georgia-Pacific Corporation ("Defendant") because Defendant failed to properly inspect, maintain or repair its equipment. Plaintiff is a general laborer who was hired by Defendant's plant in Lake Placid, Florida, where Defendant makes corrugated boxes. Plaintiff worked with corrugator machines in Defendant's plant. The corrugator machine is a large machine, which is approximately 70 to 80 yards long, that makes corrugated boards. Pl. Depo. at 38. On May 24, 2004, Plaintiff was injured in the process of positioning a "mill roll arm" to receive a roll of paper, which weighs between five and nine thousand pounds, to make corrugated board for boxes. Pl. Resp. at 2. Plaintiff's job that day involved moving a large roll of paper along the track of the machine,

positioning a mill roll arm to receive the large roll of paper, and then moving the roll of paper onto the mill roll arm. Id. Plaintiff moved a large roll of paper into the position prior to loading the roll onto the mill roll arm and took his hand off the spring-loaded switch which controls when the large roll of paper moves forward. Id. The spring-loaded switch returns automatically to an off position when a worker removes his hand from the switch. Id. Plaintiff asserts that he saw the roll stop moving forward. Id. Plaintiff then moved to prepare the next portion of the machine, the mill roll arm, to receive the large roll of paper. Id. Plaintiff asserts, to correctly position the mill roll arm, it was necessary to turn his back to the roll of paper and stand in its path. Id.; Pl. Depo. at 93. While Plaintiff was positioning the mill roll arm, the large roll of paper moved forward on its own and crushed him. Pl. Resp. at 2; Pl. Depo. at 87–88. Plaintiff had a collapsed lung, broken ribs, and was vomiting blood. Pl. Resp. at 2.

When Plaintiff was hired, he participated in Defendant's new employee orientation, which included safety training conducted by the safety coordinator. Def. Mot. at 2. Plaintiff signed an acknowledgment stating that he had received an explanation and had been given copies of Defendant's plant rules, safety rules, and safe practice guide. Id. Defendant conducted weekly safety meetings to discuss any known accidents or "near-misses" that had occurred during the week and how they could have been prevented. Id. at 6.

Defendant maintained workers compensation insurance and paid benefits to Plaintiff until the point that Plaintiff reached maximum medical improvement. Id. at 8. Plaintiff also brought this action alleging Defendant committed an intentional tort and seeking further damages. Defendant brought this Motion for Summary Judgment arguing that Plaintiff's claim is barred by the exclusivity provisions of Florida's Workers' Compensation Act ("FWCA") because Plaintiff

received workers' compensation benefits and cannot show that Defendants conduct falls into one of the exceptions to exclusivity.

**II.     Standard of Review**

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

3

genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. Discussion

Under the FWCA, an employer shall pay an employee workers' compensation benefits "if the employee suffers an accidental compensable injury or death arising out of work performed in the course and scope of employment." Fla. Stat. Ann. § 440.09 (2003). Under the FWCA, "the employee gives up a right to a common-law action for negligence in exchange for strict liability and the rapid recovery of benefits." Feraci v. Grundy Marine Constr. Co., 315 F. Supp. 2d 1197, 1204 (N.D. Fla. 2004) (citing Turner v. PCR, Inc., 754 So. 2d 683, 686 (Fla. 2000)). "As a general matter, the workers' compensation liability of an employer 'shall be exclusive and in place of all other liability of such employer . . .'" Locke v. SunTrust Bank, No. 06-12967, 2007 WL 1174893, at *2 (11th Cir. Apr. 23, 2007) (citing Fla. Stat. Ann. § 440.11 (2001)). "This is sometimes known as the workers' compensation exclusivity bar." Id. "Thus, absent an excepted circumstance, Florida's Workers' Compensation Law generally protects employers from liability for an employee's injuries beyond the workers' compensation benefits." Feraci, 315 F. Supp. 2d at 1205.

Notwithstanding the general tort immunity for employers, the FWCA recognizes an intentional tort exception to the workers' compensation exclusivity bar. Fl. Stat. Ann. § 440.11(1)(b) (2003). However, the intentional tort exception only applies if a plaintiff "proves, by clear and convincing evidence, that:"

4

   1. The employer deliberately intended to injure the employee; or

   2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.

Id. The Plaintiff has admitted that he does not believe that the Defendant "deliberately intended" to injure him. Pl. Depo. at 103. So the only avenue left for Plaintiff to get beyond the exclusivity provisions of the FWCA, is to prove, "by clear and convincing evidence," the elements of § 440.11(1)(b)(2), which is sometimes referred to as the "virtually certain" standard.

Prior to the 2003 amendments to the FWCA, Florida courts could allow recovery based on the more lenient, "substantially certain" standard. Locke, 2007 WL 1174893, at *5 n.5 (the Eleventh Circuit recognizing that the old "substantially certain" standard was superseded by the 2003 FWCA and replaced "with a heightened 'virtually certain' standard"); Feraci, 315 F. Supp. 2d at 1205 n.11 (recognizing that "substantially certain" to cause injury standard was replaced with heightened "virtually certain" to cause injury standard). The older, more lenient, "'substantially certain' standard required a showing even greater than a showing of gross negligence." Locke, 2007 WL 1174893, at *5; Feraci, 315 F. Supp. 2d at 1205. Therefore, the heightened "virtually certain" standard requires a showing much greater than a showing of gross negligence.

"Where Florida courts have applied the intentional tort exception to the workers' compensation exclusivity bar, they have attached significance to both employers' prior

5

knowledge of earlier incidents and employers' decisions to remove safety mechanisms." Locke, 2007 WL 1174893, at *7 (citing Pendergrass v. R.D. Michaels, Inc., 936 So. 2d 684, 690 (Fla. Dist. Ct. App. 2006); EAC USA, Inc. v. Kawa, 805 So. 2d 1, 3, 5 (Fla. Dist. Ct. App. 2001)). "However, the other common theme in those Florida intentional tort decisions is 'intentional conduct to prevent the employee from learning and appreciating the risks involved in the work [that are] specifically known by the employer.'" Locke, 2007 WL 1174893, at *7 (citing Pendergrass, 936 So. 2d at 691). "Put another way, Florida courts have focused on employers' 'concealment of risks.'" Id.

Plaintiff is required to show that Defendant "*deliberately* concealed or misrepresented the Danger. Fl. Stat. Ann. § 440.11(1)(b) (2003) (emphasis added). In this case, Plaintiff argues that he is entitled to a "presumption of concealment" because Defendant had been told that the harmac tracks[1] were malfunctioning for at least two weeks prior to the accident, and the malfunctions had been discussed, on the day Plaintiff was injured, during the Defendant's first shift safety meeting, and because Plaintiff worked the second shift and was not informed of the malfunctions discussed in the first shift meeting. Def. Mot. at 3. However, Plaintiff does not cite any authority to support the idea that there should be a presumption of concealment. There is no allegation that Defendant intentionally covered-up or affirmatively tried to hide the risk. Plaintiff even indicates that the malfunctions were discussed openly at a safety meeting that morning. Def. Mot. at 3; Munnings Affidavit ¶ 12.

Further, Plaintiff testified in his deposition that he thought Defendant was "not necessarily concealing" the malfunctioning of the tracks and said, "[m]aybe, you know, it just

---

[1] In Plaintiff's deposition, the harmac track is described as "what the roll is placed on to move the roll of paper towards the mill roll arm of the corrugator machine." Pl. Depo. at 82.

didn't get brought up, you know, at our meeting; because . . . sometimes the supervisor doesn't know second shift what they talked about during first shift." Pl. Depo. at 123. Also, when Plaintiff was asked if he thought Defendant intentionally omitted or neglectfully omitted the information about the malfunction at the second shift safety meeting, Plaintiff replied, "[m]ight have just been, you know, neglectfully." Id. Plaintiff also indicated that maybe Defendant only told those employees who normally work on the wet end of the corrugator about the malfunctioning and he did not hear about it "because being on the dry end I have no need to know about that." Id. at 123–24. When asked, "do you think that Georgia-Pacific would have been intentionally trying to withhold that information from you?" Plaintiff answered, "No." Id. at 124.

The Court does not believe Plaintiff's factual allegations are sufficient to show that Defendant "deliberately" concealed the danger or engaged in any "*intentional conduct* to prevent the employee from learning and appreciating the risks involved in the work [that are] specifically known by the employer.'" Locke, 2007 WL 1174893, at *7 (citing Pendergrass, 936 So.2d at 691) (emphasis added). A mere assertion that Defendant had learned about the problem, but had not managed to warn Plaintiff in time is not a material fact because it does not show "intentional conduct" or meet a standard higher than gross negligence. Because the Plaintiff failed to cite specific facts showing a genuine issue of material fact, it appears that summary judgment is appropriate.

Further, Plaintiff must not have been "aware of the risk because the danger was not apparent[.]" Fl. Stat. Ann. § 440.11(1)(b)(2) (2003). Plaintiff testified, in his deposition, that he had heard from other employees that water sometimes got into the air lines of the equipment, which would cause valves to stick open, and this malfunction might have caused his accident.

7

Pl. Depo. at 89–91, 96–97. Also, Plaintiff indicates that once before he saw a harmac track move a roll of paper on its own, that it was reported to Defendant, and Maintenance repaired the problem. Pl. Depo. at 97–100. Apparently, Plaintiff knew of these same problems before his accident. Pl. Depo. at 91, 97. Plaintiff indicated that he saw a roll move down the track on its own "[a] few months before the accident." Pl. Depo. at 97. Also, Plaintiff must have known that operating such a large machine and putting himself in the path of a 5,000–7,000 pound roll of paper was a potentially dangerous activity. The Court does not believe that a rational trier of fact could find by clear and convincing evidence that Plaintiff was not aware of the danger.

Plaintiff lists four disputed facts. Pl. Resp. at 3–4. First, Plaintiff disputes whether it is necessary to stand in the path of the harmac track to operate the mill roll arm. Pl. Resp. at 3. Even assuming that Plaintiff is correct that it is necessary, this does not show that Defendant "deliberately concealed" a danger, or that Plaintiff was not aware of the danger of being in that position; therefore, this is not a material fact. Second, Plaintiff says he disputes whether Defendant attempted to conceal danger from him, and says he is entitled to a presumption of concealment. Pl. Resp. at 3. The Court does not believe that Plaintiff is entitled to a presumption of concealment, and Plaintiff does not set forth any *specific* facts showing deliberate concealment. Third, Plaintiff asserts that Defendant was aware of the malfunctioning tracks. Pl. Resp. at 4. Assuming that Defendant knew about the malfunctioning track, this alone does not show that Defendant "deliberately concealed" the danger, or that Plaintiff was unaware of the danger; therefore, this is not a material fact. Fourth, Plaintiff disputes whether Defendant is committed to employee safety and indicates that this is irrelevant. Pl. Resp. at 4. If it is irrelevant, as Plaintiff asserts, then it is not a dispute over a material fact.

The FWCA is generally the exclusive remedy for employees injured on the job. Locke,

2007 WL 1174893, at *2; Feraci, 315 F. Supp. 2d at 1204. The legislature has heightened the requirement for showing an exception to this general rule. Locke, 2007 WL 1174893, at *5 n.5; Feraci, 315 F. Supp. 2d at 1205 n.11. Meeting the heightened "virtual certainty" standard is difficult. Id. The Court holds that Defendant has met its burden and Plaintiff has not set forth specific facts showing that there is a genuine issue of material fact whereby a rational fact finder could find, by clear and convincing evidence, that Plaintiff is excepted from the exclusivity provisions of the FWCA.

### IV.  Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Extension of Time to File Response to Motion for Summary Judgment (DE # 25) is GRANTED. The Court accepted Response as timely and considered it fully in rendering this decision. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Strike Affidavit in support of Plaintiff's Amended Response to Motion for Summary Judgment (DE # 17) is DENIED. The Affidavit was considered in this decision. It is further

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (DE # 17) is GRANTED. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of May, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record